IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| Evelyn Brown, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company, and World Finance Corporation of Georgia dba Sterling Finance, a Georgia corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, EVELYN BROWN, BY AND THROUGH COUNSEL, Jacqueline Piland, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Augusta, Richmond County, Georgia.

1

4. Venue is proper in the Southern District of Georgia, Augusta Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Augusta, Richmond County, Georgia.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia; and

    b. World Finance Corporation of Georgia dba Sterling Finance ("Sterling Finance") is a Georgia corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. Sterling Finance is inaccurately reporting its trade line ("Errant Trade Line") on Plaintiff's Equifax credit disclosure with an erroneous monthly scheduled payment of $200.

8. The account reflected by the Errant Trade Line is charged off and closed. Sterling Finance accelerated the payment schedule and closed the account. Plaintiff no longer has an obligation to make monthly payments.

9. The Errant Trade Line should be reported by Sterling Finance with a scheduled monthly amount of $0.

10. On June 11, 2018, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Trade Line reporting inaccurately with an erroneous scheduled monthly payment of $200.

11. On or about July 23, 2018, Plaintiff submitted a letter to Equifax disputing the Errant Trade Line.

12. In her dispute letter, Plaintiff explained that the account reflected by the Errant Trade Line is charged off and she no longer has an obligation to make monthly payments.

13. She asked Equifax to report the Errant Trade Line with a scheduled monthly payment of $0.

14. Equifax forwarded Plaintiff's consumer dispute to Sterling Finance.

15. On or about August 7, 2018, Plaintiff received Equifax's investigation results which showed that Equifax and Sterling Finance failed or refused to report the scheduled monthly payment as $0 on the Errant Trade Line.

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct

3

the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY STERLING FINANCE

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Equifax of Plaintiff consumer dispute of the scheduled monthly payment on the Errant Trade Line, Sterling Finance negligently failed to conduct a proper investigation of Plaintiff dispute as required by 15 USC 1681s-2(b).

19. Sterling Finance negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax the Errant Trade Line with a scheduled monthly payment of $0.

20. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff consumer credit file with Equifax to which it is reporting such trade line.

4

21. As a direct and proximate cause of Sterling Finance's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. Sterling Finance is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Plaintiff has a private right of action to assert claims against Sterling Finance arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Sterling Finance for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY STERLING FINANCE

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Sterling Finance willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct

Equifax to report the Errant Trade Line with a scheduled monthly payment of $0.

26. Sterling Finance willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Sterling Finance's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Sterling Finance is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Sterling Finance for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

29. Plaintiff realleges the above paragraphs as if recited verbatim.

6

30. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

31. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

32. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

33. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

38. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

39. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

40. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

8

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 26, 2018

By: */s/ Jacqueline Piland*
Jacqueline Piland
Georgia Bar No. 782252
6321 Marcelina Ct.
Braselton, GA 30517
Telephone: (770) 863-8344
Facsimile: (770) 863-8325
E-Mail: jackie@pilandlawgroup.com
Attorneys for Plaintiff,
Evelyn Brown

9